UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GILBERT CASTILLO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 23-cv-06448-LB<br><br>**SCREENING ORDER**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

The plaintiff, who represents himself and is proceeding in forma pauperis, sued the San Ramon Valley Unified School District and its employee Nadia Rosenzweig for excluding his two sons from kindergarten on the ground that they had not obtained the vaccinations required for enrollment.[1] Before authorizing the U.S. Marshal to serve the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B).

The deficiencies in the complaint are that the plaintiff has not plausibly pleaded a federal claim and has not demonstrated that the court has diversity jurisdiction. He may submit an amended

---

[1] Compl. – ECF No. 1 at 10–11. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – 23-cv-06448-LB

complaint by April 24, 2024, if he can cure the deficiencies identified in this order. If he does not file an amended complaint, the court may recommend dismissal of the complaint.

## STATEMENT

The complaint concerns Gilbert Philip Castillo, Jr. and his twin sons. The sons are six years old and were admitted to Golden View Elementary School in San Ramon, California.[2] After six months of enrollment, they were excluded from kindergarten in February 2023 because neither child was vaccinated as required by California Senate Bill 277.[3] The plaintiff points to a licensed physician's note stating that his two sons are permanently exempt from vaccinations due to a family history of autoimmunity.[4] After his sons were excluded, the plaintiff sent the school a "Conditional Acceptance" letter with a list of conditions for the school to abide by.[5] The school, through the school principal and Ms. Rosenzweig, stated they did not have to abide by his conditions.[6] The plaintiff followed up with a "Notice of Default" letter.[7] The school replied that it had no legal effect.[8]

The complaint asserts multiple claims (which it terms "matters of controversy"): denial of the right to a public education under the U.S. and California Constitutions, "damaged property," discrimination "based on medical exemption," breach of contract, and violation of the Contracts Clause of the U.S. Constitution.[9] The plaintiff apparently first filed the complaint in state court in May 2023, before filing it in this court (as a purported removal from state court) in December 2023.[10]

---

[2] *Id*. at 13.
[3] *Id*. at 2, 11.
[4] *Id*. at 19–20.
[5] *Id*. at 13.
[6] *Id*. at 13–14.
[7] *Id*. at 13.
[8] *Id*.
[9] *Id.* at 14–17.
[10] *Id.* at 1, 10.

United States District Court
Northern District of California

**STANDARD OF REVIEW**

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in

which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made,

1  unless it determines that the pleading could not possibly be cured by the allegation of other facts."
2  *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

The court first addresses the possible bases for federal jurisdiction because if there is no federal jurisdiction, the court need not address the state claims. Those possible bases are the right to a free public education, the state's alleged interference with the plaintiff's contractual rights, and discrimination based on a medical exemption.

Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (cleaned up). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g., In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* § 1332(a).

As for diversity jurisdiction, the plaintiff has not established that the parties are diverse. He instead contends only that the amount-in-controversy requirement is met.[11] For the parties to be diverse, the plaintiff would have to be a citizen of a state other than California.

The issue then is whether the plaintiff plausibly states a federal claim. He does not.

First, the plaintiff asserts that defendants violated his children's right to a public education. The Supreme Court has said that education is afforded neither explicit nor implicit protection under the U.S. Constitution. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973). Nonetheless,

---

[11] *Id.* at 4.

state regulations in this area are subject to rational-basis review, that is, they must "bear[] some rational relationship to a legitimate state purpose." *Id.* at 44; *Torrey-Love v. Cal. Dep't of Educ.*, No. EDCV162410DMGDTBX, 2017 WL 11636240, at *4 (C.D. Cal. Jan. 12, 2017). Medical-exemption regulations that "condition children's right to attend school on vaccination" have been upheld under rational-basis review. *Doe v. Zucker*, 496 F. Supp. 3d 744, 756–59 (N.D.N.Y. 2020) ("[T]he public health concerns in maintaining high immunization rates for vaccine-preventable diseases and in avoiding outbreaks of communicable diseases provide ample basis for the newly enacted regulations."); *see UnifySCC v. Cody*, No. 22-cv-01019-BLF, 2022 WL 2357068, at *8 (N.D. Cal. June 30, 2022) (upholding a COVID-19 vaccine mandate in the employment context; applying rational-basis scrutiny). The plaintiff thus has not plausibly pleaded a violation of his children's right to public education.

Second, the plaintiff alleges that the California Senate Bill 277 violates Article I, Section 10, Clause 1 of the federal Constitution, also known as the Contracts Clause.

"The Contracts Clause provides that 'No State shall . . . pass any . . . Law impairing the Obligation of Contracts.'" *Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 912 (9th Cir. 2021). Under the modern approach to alleged violations of the Contracts Clause, courts apply a two-step test. *Id.* at 913 (citing *Sveen v. Melin*, 138 S. Ct. 1815 (2018)).

The first step is determining "whether the state law has 'operated as a substantial impairment of a contractual relationship.'" *Sveen*, 138 S. Ct. at 1821–22 (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978)). Factors relevant to determining the substantial-impairment issue "include the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Apartment Ass'n of L.A.*, 10 F.4th at 913 (cleaned up).

If the law is a substantial impairment, then the second step is determining "whether the law is drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose." *Id.* (cleaned up). "A heightened level of judicial scrutiny is appropriate when the government is a contracting party." *Id.* Also, a party challenging a law impairing private contracts has the burden to establish the unreasonableness of the law. *Id.* (a party challenging a law that was

enacted for a permissible public purpose can prevail "only if it can show that the provisions it challenges were not 'appropriate and reasonable.'") (quoting *Sveen*, 138 S. Ct. at 1822); *In re Seltzer*, 104 F.3d 234, 236 (9th Cir. 1996) (the district court "properly required . . . the objecting party[] to carry the burden" of establishing that the challenged law was unreasonable).

Senate Bill 277 was enacted "to provide a means for the eventual achievement of total immunization for school-aged children against childhood diseases like measles, Hepatitis B, and pertussis (whooping cough), among others." *Torrey-Love*, 2017 WL 11636240, at *1 (cleaned up). The law "did not create new vaccination requirements" and instead "repealed the personal belief exemption, which had allowed parents to opt their child out of the vaccination requirements on the basis of their personal beliefs." *Id.*

The court concludes that at step one of the analysis, the plaintiff has not plausibly pleaded a claim under the Contracts Clause. The plaintiff has a means of "reinstating his rights," namely by having his children vaccinated. Also, it's not the case that Senate Bill 277 "undermines the contractual bargain" or "interferes with a party's reasonable expectations" — instead, the vaccination requirement was part of the bargain itself, as shown by the fact that the school-enrollment agreement seems to require the upload of immunization records.[12]

Third, the plaintiff alleges discrimination based on a medical exemption.

From a constitutional standpoint, this claim is subject to rational-basis review, because "courts have consistently rejected the notion that there is a fundamental right ingrained in the American legal tradition to avoid vaccination." *We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 157 (2d Cir. 2023) (cleaned up). As explained above, California's vaccination requirement survives rational-basis review.

Otherwise, the Individuals with Disabilities Education Act "confers upon disabled students an enforceable substantive right to public education in participating States." *Porter v. Bd. of Trustees of Manhattan Beach Unified Sch. Dist.*, 307 F.3d 1064, 1066 (9th Cir. 2002). But even assuming that the plaintiff's sons are disabled under the Act, *see* 20 U.S.C. § 1401(3), the Act has an

---

[12] *Id.* at 21–22.

administrative-exhaustion requirement, *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 913 (9th Cir. 2020). That is, "the IDEA requires that before plaintiffs may file a civil action . . . they must exhaust the IDEA's due process hearing procedure." *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1167 (9th Cir. 2007); 20 U.S.C. § 1415(f). Because the plaintiff did not plead that this was done, he does not yet have a viable IDEA claim.

In sum, the complaint fails to adequately plead any federal claim. The court thus does not have any supplemental jurisdiction over any state claims. 28 U.S.C. § 1367. The court therefore dismisses the complaint with leave to amend.

## CONCLUSION

If the plaintiff can cure the deficiencies that the court has identified, he may do so by filing an amended complaint by April 24, 2024. Alternatively, he may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. If the plaintiff does not file an amended complaint by April 24, 2024, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case.

**IT IS SO ORDERED.**

Dated: March 27, 2024

LAUREL BEELER
United States Magistrate Judge